CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED for BSG
JUN 29 2005
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | |
|---|---|
| WANDA SMITH,<br>Plaintiff | )<br>)<br>) |
| v. | ) Civil Action No. 2:03cv00147<br>) **MEMORANDUM OPINION** |
| GENERAL MOTORS<br>CORPORATION,<br>Defendant. | )<br>)<br>) By: GLEN M. WILLIAMS<br>) Senior United States District Judge |

This case was referred pursuant to 28 U.S.C. § 636(b)(1)(B) (West Supp. 2005) to the Honorable Pamela Meade Sargent, United States Magistrate Judge. This matter is before the court on objections to the Report and Recommendations of Magistrate Judge Sargent filed by the plaintiff, Wanda Smith, ("Smith"), and the defendant, General Motors Corporation, ("GM"), (Docket Items Nos. 67, 68). The court heard oral argument in a hearing in chambers on April 26, 2005. Accordingly, the court will adopt the Report and Recommendation of Magistrate Judge Sargent, (Docket Item No. 64), ("Report and Recommendation"), will grant summary judgment in favor of GM and will dismiss the case.

*I. Background*

Smith has sued GM claiming that she sustained personal injuries in a multi-vehicle car accident due to a defective seat belt safety restraint system in a 2001

-1-

Chevrolet Cavalier.[1] Pretrial motions by GM were heard by Magistrate Judge Sargent. These motions were: Motion for Summary Judgment, (Docket Item No. 32), Motion In Limine To Exclude Various Irrelevant Evidence, (Docket Item No. 34), Motion In Limine To Limit Plaintiff's Expert To The Opinions Disclosed In His Rule 26(a)(2)(B) Report, (Docket Item No. 36), Motion In Limine To Exclude The Medical Causation Opinion Testimony Of Plaintiff's Surgeon Robert H. Blanton, M.D., (Docket Item No. 38), Motion In Limine To Exclude The Testimony Of Plaintiff's Expert Witness Charles Benedict, (Docket Item No. 40), and Motion In Limine To Exclude The Medical Injury Causation Opinion Testimony Of Plaintiff's Nephrologist Douglass W. Green, M.D., (Docket Item No. 43). On March 24, 2005, Magistrate Judge Sargent filed her Report and Recommendation, (Docket Item No. 64). Magistrate Judge Sargent recommended that this court deny GM's motions in limine to exclude the expert opinions of Smith's treating physicians, (Docket Items Nos. 38 and 43), grant GM's Motion to limit Charles E. Benedict, Ph.D., ("Benedict"), Smith's engineering expert, to the opinions disclosed in his Rule 26(a)(2)(B) report, (Docket Item No. 36), grant GM's motion in limine to exclude the expert opinions of Benedict only insofar as to exclude any opinions as to medical causation, (Docket Item No. 40), and grant GM's motion for summary judgment, (Docket Item No. 32). (Report and Recommendation at 18.)

GM and Smith both filed objections to the Report and Recommendation, (Docket Items Nos. 67, 68, 70), and a hearing was held on those objections in front

---

[1] A full discussion of the facts of this case can be found in Magistrate Judge Sargent's Report and Recommendation. Since the material facts are not in dispute, the court will refer to the Magistrate Judge's Report and Recommendation for the facts.

-2-

of this court on April 26, 2005. The court, having been fully briefed and having held oral argument on this matter, now issues the following memorandum opinion and order.

## II. Analysis

A report and recommendation by a magistrate judge is reviewed *de novo* by this court. 28 U.S.C.A. § 636(b)(1)(C) (West Supp. 2005). Summary judgment shall be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact...." FED. R. CIV. P. 56(c); *see Celotex Corp. v. Cartett*, 477 U.S. 317, 322 (1986). In considering a motion for summary judgment, the court must consider the factual evidence and all inferences to be drawn therefrom. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The evidence is construed in the light most favorable to the nonmoving party, and the court must draw all reasonable inferences in her favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The court may not make credibility determinations or weigh the evidence, and the court must disregard all evidence favorable to the moving party that it is not required to believe. *Reeves*, 530 U.S. at 150-51. Thus, if there is no genuine issue of material fact, summary judgment is appropriate.

GM objects to the Report and Recommendation, arguing that Benedict "should not be allowed to render any expert opinion at trial in this matter." ([GM's] Objection to Magistrate's Report and Recommendation, (Docket Item No. 67), at 1.) GM relies

-3-

Case 2:03-cv-00147-GMW-PMS   Document 74   Filed 06/29/05   Page 3 of 9   Pageid#: 1422

of this court on April 26, 2005. The court, having been fully briefed and having held oral argument on this matter, now issues the following memorandum opinion and order.

## II. Analysis

A report and recommendation by a magistrate judge is reviewed *de novo* by this court. 28 U.S.C.A. § 636(b)(1)(C) (West Supp. 2005). Summary judgment shall be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact...." FED. R. CIV. P. 56(c); *see Celotex Corp. v. Cartett*, 477 U.S. 317, 322 (1986). In considering a motion for summary judgment, the court must consider the factual evidence and all inferences to be drawn therefrom. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The evidence is construed in the light most favorable to the nonmoving party, and the court must draw all reasonable inferences in her favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The court may not make credibility determinations or weigh the evidence, and the court must disregard all evidence favorable to the moving party that it is not required to believe. *Reeves*, 530 U.S. at 150-51. Thus, if there is no genuine issue of material fact, summary judgment is appropriate.

GM objects to the Report and Recommendation, arguing that Benedict "should not be allowed to render any expert opinion at trial in this matter." ([GM's] Objection to Magistrate's Report and Recommendation, (Docket Item No. 67), at 1.) GM relies

on its arguments contained in its Brief in Support of GM's Motion in Limine to Exclude the Testimony of Plaintiff's Expert Witness Charles Benedict (Docket Item No. 41.) Smith objects to the Report and Recommendation based on the following three arguments: (1) Smith argues that the recommendation to grant GM's motion to limit Benedict to the opinions disclosed in his Rule 26(a)(2)(b) report as unopposed is in error because Smith actually did oppose GM's motion; (2) Smith argues that the Report and Recommendation erroneously concluded that "medical testimony" is required to establish proximate cause; and (3) Smith argues that the Report and Recommendation erroneously resolved disputed questions of fact in favor of the defendant. (Plaintiff's Objections to the Report and Recommendations of Magistrate Judge Sargent, ("Plaintiff's Objections"), (Docket Item No. 68), at 2.) GM argues that Smith did not oppose its motion to limit Benedict to the opinions disclosed in his Rule 26(a)(2)(B) report, that the Report and Recommendation accurately reflected Smith's burden to produce expert medical testimony to establish proximate cause, and that Magistrate Judge Sargent did not resolve disputed factual issues in favor of GM. (Response to Plaintiff's Objections to the Report and Recommendations of Magistrate Judge Sargent, ("Defendant's Response"), at 2, 4, and 12.)

Smith initially argues that she did, in fact, oppose GM's motion to limit Benedict to the opinions disclosed in his Rule 26(a)(2)(B) Report. (Plaintiff's Objections at 3-4.) Smith contends that her Memorandum in Opposition to GM's Motion in Limine to Exclude the Testimony of Plaintiff's Expert Witness Charles Benedict, (Docket Item No. 54), contained an argument that Benedict's testimony should not be limited. (Plaintiff's Objections at 3.) However, Smith's motion referenced GM's motion to exclude Benedict's testimony, (Docket Item No. 40), not

-4-

GM's motion to limit Benedict to the opinions disclosed in his Rule 26(a)(2)(B) Report, (Docket Item No. 36). Read in the context of Smith's brief and its reference to GM's motion to exclude Benedict's testimony, her argument that the brief also applied to GM's motion to limit Benedict's testimony to the opinions disclosed in his Rule 26(a)(2)(B) Report is untenable due to the absence of any reference to that motion. Thus, the Magistrate Judge's Report and Recommendation will be adopted on this issue, and GM's motion will be granted as unopposed.

Smith's next objection to the Report and Recommendation is that Magistrate Judge Sargent incorrectly required expert medical testimony on the causation of Smith's injuries. (Plaintiff's Objections at 4.) In her opinion, Magistrate Judge Sargent held that, "[i]n a case such as this one, where Smith suffered complex internal injuries, Tennessee law requires a plaintiff to produce expert medical testimony to establish the causal connection between the alleged defect and the plaintiff's injuries." (Report and Recommendation at 13.) Since Smith provided no expert medical testimony on the issue of causation, Magistrate Judge Sargent recommended summary judgment be granted in favor of GM. (Report and Recommendation at 14.)

Notwithstanding Smith's arguments to the contrary, the report and recommendation contains an accurate statement of Tennessee law.

> The issue of causation can be viewed in two parts, general causation and specific causation. General causation is established by demonstrating that exposure to the substance at issue can cause the disorder at issue, whereas specific causation is establishing that the exposure suffered by plaintiff is the actual cause of plaintiff's disorder. Often, general causation is established by epidemiological evidence such as is found in

-5-

> scientific and medical literature, while a treating physician may offer testimony about the specific causation of the plaintiff's condition based on a differential diagnosis.

JACK B. WEINSTEIN ET AL., WEINSTEIN'S FEDERAL EVIDENCE § 702.06 (2d ed. 2005). Modern case law requires expert medical testimony to establish causation in cases where the plaintiff has suffered a complex injury. This is the clearly established case law in Tennessee. The Supreme Court of Tennessee has held that "[m]edical causation and permanency of an injury must be established in most cases by expert medical testimony." *Thomas v. Aetna Life & Casualty Co.*, 812 S.W.2d 278, 283 (Tenn. 1991). *Thomas* has been cited by numerous Tennessee appellate court cases for this proposition. *See Conner Bros. Excavating Co., Inc. v. Long*, 98 S.W.3d 656, 660 (Tenn. 2003) ("Typically, causation [of an injury] is established through expert medical testimony."); *Whirlpool Corp. v. Nakhoneinh*, 69 S.W.3d 164, 168 (Tenn. 2002) ("Except in the most obvious cases, causation may only be established through expert medical testimony."); *Hankins v. Chevco, Inc.*, 90 S.W.3d 254, 260 (Tenn. Ct. App. 2002) (quoting *Thomas*); *Miller v. Choo Choo Partners, L.P.*, 73 S.W.3d 897, 901 (Tenn. Ct. App. 2001) ("As a general rule, the causation of a medical condition must be established by testimony from a medical expert."). Furthermore, this is also the law in most other states.

> Where the subject matter of the case is of a high degree of scientific complexity, proof of causation must be by expert testimony. It is permissible for a plaintiff to make a prima facie case based upon an inference from the plaintiff's competent evidence if such a finding relates to a matter which is within a lay person's scope of knowledge. However, if the matter in issue is one within the knowledge of experts only, and not within the common knowledge of laymen, it is necessary for the plaintiff to introduce expert testimony in order to establish a

-6-

prima facie case.

63 AM. JUR. 2D *Products Liability* § 62 (2005).

Due to the accident giving rise to this litigation, Smith suffered a tear to her mesentery, which required surgery to repair and to remove a 14-centimeter section of her small bowel. During surgery, she required mechanical ventilation due to respiratory failure and suffered kidney failure as a result of dehydration brought on by the bowel injury. Expert medical testimony is necessary in this case due to the complex nature of the injury alleged to have been caused by GM's allegedly defective restraining system. Smith has not provided any expert medical testimony that the alleged defective restraining system caused her injuries. While she argues that "seatbelts are not used exclusively by physicians[] so it does not require the testimony of a physician to establish the defectiveness of the seatbelt in its intended use," an expert is clearly required to establish that the defect that Smith alleges caused the injuries that she suffered.

Smith also argues that she has submitted evidence of a defective seatbelt, evidence that the seatbelt allowed her to "submarine" under the seatbelt during the collision, and that "[b]ecause of the defect, according to Dr. Benedict the belt was then in a position on Smith's abdomen where it caused the seatbelt injury complained of." (Plaintiff's Objections at 8.) However, Benedict is not a medical doctor; he is an engineer. Furthermore, Benedict himself stated that "I am not offering any medical opinions . . . ." (Benedict Affidavit at 20.) Thus, Benedict's opinions on the cause of Smith's injuries are not sufficient to meet Smith's burden to prove causation.

-7-

While Smith contends that "there is ample evidence in the record that the injury would not occur but for the defect alleged by the plaintiff," this is not the case. GM's expert, Dr. Banks, testified that Smith's bands of bruising, in particular the location of the upper band of bruising, was consistent with the torso belt being improperly placed under Smith's right arm rather than over her shoulder since, after the accident, Smith had no abrasions on her shoulder or her arm, but did have an abrasion leading up underneath her right breast and the fact that the upper band of contusions extended into the area below Smith's right armpit. (Banks Deposition at 104-05.) Dr. Banks concluded that the tear to Smith's mesentery was inconsistent with a submarining type event, and that Smith's injuries would not have happened if Smith had placed the torso belt over her shoulder as opposed to under her arm. (Banks Deposition at 110-11.) This medical expert testimony has not been rebutted by any expert testimony by Smith. As noted above, Smith is required to present expert medical testimony on causation in this case due to the complex nature of her injury. She has not done so.

Finally, Smith argues that Magistrate Judge Sargent resolved disputed questions of fact in favor of GM. Specifically, she argues that Magistrate Judge Sargent erred in "favor[ing] the testimony of defense expert Dr. Banks over that of Dr. Benedict in considering their opinions as to the manner in which the plaintiff was wearing her seatbelt at the time of collision." (Plaintiff's Objections at 13.) However, as noted above, Smith has presented no medical expert testimony that her injury was caused by the defective restraining system she alleges. There is no question of disputed fact on this issue—Smith has failed to provide any evidence on this issue. It is on this ground that the court will grant summary judgment.

-8-

### III. Conclusion

For the reasons discussed above, the court finds that Smith has failed to establish a genuine issue of material fact with respect to her failure to produce expert medical testimony on the issue of proximate cause of her injuries. Therefore, the court will adopt Magistrate Judge Sargent's Report and Recommendation and DENY GM's motions in limine to exclude the expert opinions of Smith's treating physicians, GRANT GM's Motion to limit Benedict to the opinions disclosed in his Rule 26(a)(2)(B) report, GRANT GM's motion in limine to exclude the expert opinions of Benedict only insofar as to exclude any opinions as to medical causation, and GRANT GM's motion for summary judgment.

The Clerk is directed to send certified copies of this Order to all counsel of record. A final order will be entered in accordance with this opinion.

DATED: This 29th day of June, 2005.

/s/ Glen M. Williams

GLEN M. WILLIAMS
Senior United States District Judge

Case 2:03-cv-00147-GMW-PMS   Document 74   Filed 06/29/05   Page 9 of 9   Pageid#: 1428